**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**LINDA F. COSTES,**

    **PLAINTIFF,**

**VS.**                                                   **CIVIL ACTION NO. 2:08-cv-94-MHT**

**WAYNE INDUSTRIES, LLC,
a division of EBSCO,**

    **DEFENDANT.**                       **JURY DEMAND REQUESTED**

**AMENDED AND RESTATED COMPLAINT**

**I.     JURISDICTION**

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, 29 U.S.C. §2617(a)(2), and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).  This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993, " 29 U.S.C. §§ 2601, *et seq.* (FMLA).  The jurisdiction of this Court is invoked to secure the protection for and to redress the deprivation of rights secured by the FMLA and the FLSA.

**II.    PARTIES**

2.     Plaintiff, Linda Costes ("Plaintiff"), is a resident of the State of Alabama and performed work for the Defendant in the counties composing the

Middle District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).  Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action properly relies in the Middle District, Northern Division.

      3.      Defendant, Wayne Industries, LLC, a division of EBSCO (Defendant) is registered to do business in the State of Alabama.  Defendant has a location in Clanton, Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(f), and Defendant employs over 50 employees (29 U.S.C. § 2617(a)(2).  Defendant is a company doing business in Clanton, Chilton County, Alabama.

## III.    STATEMENT OF FACTS

      4.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

      5.      Plaintiff began work with Defendant in December, 1989.  At the time of Plaintiff's termination of employment on or about July 11, 2006, she held the position of Sales Representative.

      6.      At all times during Plaintiff's employment, she performed her job duties in a competent or better manner.

## IV. COUNT ONE – FLSA VIOLATIONS

7. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-6 above.

8. At the time of her termination of employment, Plaintiff was paid $12 per hour with an overtime rate of $18 per hour.

9. Plaintiff regularly worked in excess of forty hours in a work week.

10. Plaintiff regularly took home work outside of regular business hours and was not paid for the work she performed for Defendant's benefit "off the clock."

11. Plaintiff would perform work for the benefit of Defendant outside of regular hours and was not paid for this time.

12. At all times, Plaintiff's supervisor, Ray Smitherman, was not only aware of Plaintiff's off the clock work, but insisted that her work be performed in a timely manner, even if outside of work hours.

13. Defendant maintains a policy that requires that all overtime be approved prior to working the hours. Some overtime was approved for Plaintiff, but, generally, it was denied.

14. Plaintiff had a one hour unpaid lunch automatically deducted from her pay, although Plaintiff regularly worked through all or part of this lunch, and frequently took what lunch break she was allowed at her desk.

3

15. Defendant maintains a policy that employees will be disciplined if not at their work station at least five minutes prior to the start of their shift. Plaintiff would arrive at that time or sooner and immediately commence work, but was not paid for such time.

16. Plaintiff would frequently clock out after the end of her work shift, but was not paid for such time worked off the clock post shift.

17. Defendant willfully violated the FLSA by failing to pay Plaintiff for all hours worked in excess of forty in a work week at 1.5 times her regularly hourly rate.

18. As a result of Defendant's willful violation of the FLSA, Plaintiff has suffered damage, consisting of loss of pay.

## V. COUNT TWO – FMLA INTERFERENCE

19. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-18 above.

20. Plaintiff had back surgery in March, 2006. The surgery required an overnight stay in the hospital. In addition, Plaintiff was incapacitated for more than three days because of this serious health condition.

21. Plaintiff complied with all of Defendant's procedures regarding seeking approval for her leave under the FMLA. Plaintiff was an eligible employee under that Act at the time she sought such leave.

22. Plaintiff sought to return to work three days before her twelve week FMLA leave expired, but was not allowed to do so. While Plaintiff needed three additional physical therapy sessions at the time she was released to return to work, those sessions could have been handled on an intermittent FMLA basis. In fact, Plaintiff simply asked to take her lunch at the end of the work day so that she could schedule physical therapy for the last appointment of the day, 4:45 p.m. Michael Townsend, Sales Manager, denied this request.

23. Plaintiff's supervisor, Townsend, terminated Plaintiff at the time that she sought to return from FMLA leave.

24. Plaintiff was able to perform the essential functions of her job at the time of her release and efforts to return to work following her FMLA leave.

25. Defendant intentionally violated the FMLA by interfering with Plaintiff's return to work following FMLA approved leave.

26. As a result of Defendant's intentional violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI.   COUNT THREE – FMLA RETALIATION

27. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-26 above.

28. Defendant intentionally retaliated against Plaintiff for taking FMLA leave for portions of March and May, 2006 and all of April, 2006 by refusing to

allow her to return to work following her FMLA leave, and by terminating her employment without cause or justification.

29. Defendant violated its own policies regarding discipline by terminating Plaintiff without cause simply because she took leave under the FMLA.

30. Other employees, who have not sought nor taken FMLA leave were allowed to miss all or part of a work day in order to seek medical attention, including physical therapy. Instead of treating Plaintiff the same as her co-workers, she was terminated when released to return to work by her doctor, in retaliation for taking FMLA leave.

31. As a result of Defendant's intentional violation of the FMLA by retaliating against Plaintiff for taking leave under this Act, Plaintiff has been damaged, suffering loss of pay and benefits.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of her unpaid overtime wages, plus an additional equal amount as liquidated damages:

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

/s/ David R. Arendall
_____
David R. Arendall

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

PLAINTIFFS REQUEST A TRIAL BY JURY FOR THIS CAUSE.

/s/ David R. Arendall
_____
Of Counsel

## CERTIFICATE OF SERVICE

I certify that on April 11, 2008, I filed the foregoing with the Clerk of the court using the CM/ECF system of filing which will forward a copy to Stacey T. Bradford.

/s/ David R. Arendall
_____
Of Counsel