# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **LINDA F. COSTES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 2:08-CV-94-MHT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WAYNE INDUSTRIES, LLC a** | ) | |
| **division of EBSCO INDUSTRIES,** | ) | |
| **INC. ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Wayne Industries, LLC ("Wayne"), makes the following response to Plaintiff's Amended Complaint:

### FIRST DEFENSE

To the extent Plaintiff's claims occurred beyond the applicable statute of limitations period, those claims are barred.

### SECOND DEFENSE

Plaintiff has worked no statutory overtime during the period applicable to this lawsuit.

### THIRD DEFENSE

Plaintiff is estopped from claiming additional wages by her continued acceptance of wages, her submission of time records, and/or other actions or

omissions.

## FOURTH DEFENSE

Assuming, *arguendo,* that Plaintiff could recover damages in this action for additional wages and/or overtime payments or other damages, any damages are barred, reduced or set off by, *inter alia*, Plaintiff's compensated time-off, failure to work full-hours, and by any debts owed the employer or other deductions, including, but not limited to, setoffs or deductions for absences or tardiness, or as otherwise allowed by the Fair Labor Standards Act ("FLSA").

## FIFTH DEFENSE

Wayne acted in good faith and, therefore, Plaintiff cannot recover liquidated damages.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction, full payment, estoppel, judicial estoppel, and waiver.

## SEVENTH DEFENSE

This matter is subject to a two year statute of limitations period under the FLSA.  Any claims brought outside of the applicable statute of limitations period are barred.

## EIGHTH DEFENSE

Plaintiff cannot establish that Wayne engaged in willful conduct within the

meaning of the FLSA.

## NINTH DEFENSE

Without admitting liability for any acts or omissions alleged in the Amended Complaint, any acts or omissions complained of were undertaken or made in good faith, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor or the courts.

## TENTH DEFENSE

Plaintiff is not entitled to liquidated damages, even if she can prove a violation of the FLSA, because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith and Wayne had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

## ELEVENTH DEFENSE

Assuming, *arguendo*, that Plaintiff could recover damages in this action, Plaintiff cannot recover for non-compensable or *de minimis* matters and Plaintiff's claims would be subject to setoffs and deductions.

## TWELFTH DEFENSE

Wayne adopts all defenses and limitations under the FLSA and applicable state laws.

### THIRTEENTH DEFENSE

Plaintiff cannot establish that Wayne had a knowing or reckless disregard for whether its conduct was prohibited by the FLSA or any applicable state laws or regulations.

### FOURTEENTH DEFENSE

To the extent Plaintiff seeks compensatory and/or punitive damages, such damages are unavailable under the Family and Medical Leave Act ("FMLA") and/or the FLSA.

### FIFTEENTH DEFENSE

Wayne denies that it has violated the FMLA.  However, to the extent a violation is found, Wayne acted in good faith and with reasonable grounds to believe it had not violated the Act.

### SIXTEENTH DEFENSE

All employment decisions relating to Plaintiff, including but not limited to the termination of Plaintiff's employment at Wayne, were made for legitimate non-discriminatory and non-retaliatory reasons.

### SEVENTEENTH DEFENSE

Wayne specifically denies that Plaintiff's alleged protected activity was a factor in any decision relating to her employment.  However, to the extent a fact finder determines otherwise, Wayne specifically states that it would have made the

same decision with respect to Plaintiff in any event.

## EIGHTEENTH DEFENSE

Plaintiff's claim for damages is limited to the extent she has failed or refused to mitigate her damages.

## NINETEENTH DEFENSE

Plaintiff's claim for equitable relief may not be tried before a jury.

## TWENTIETH DEFENSE

To the extent applicable, Plaintiff's claims and/or recovery are barred in whole or in part because of after-acquired evidence of wrongful conduct that would have resulted in termination had Wayne known of such conduct during the time Plaintiff was employed by Wayne. *See McKennon v. Nashville Banner Publ'g Co.,* 531 U.S. 352 (1995); *Wallace v. Dunn Const. Co.,* 62 F.3d 374 (11th Cir. 1995).

## TWENTY-FIRST DEFENSE

For further answer to Plaintiff's Amended Complaint, Wayne states as follows in response to each paragraph:

1.    Wayne admits this Court has jurisdiction over this matter as Plaintiff brings this action alleging violations of the Fair Labor Standards Act ("FLSA") and the Family and Medical and Leave Act of 1993 ("FMLA"), but denies that it has violated any federal or state statute or is liable to Plaintiff in any respect.

2.    Upon information and belief, Wayne admits Plaintiff is a resident of the State of Alabama. Wayne admits the remaining allegations of paragraph 2 of the Amended Complaint.

3.    Wayne admits the allegations of paragraph 3 of the Amended Complaint.

4.    Wayne incorporated by references it responses to paragraphs 1 through 3 of the Amended Complaint as if fully set forth herein.

5.    Wayne avers that Plaintiff was employed as a Customer Service Agent and admits that her employment was terminated in July 2006. All remaining allegations of the Amended Complaint are denied.

6.    Wayne admits that Plaintiff performed her job duties in a satisfactory manner during her employment.

7.    Wayne incorporated by references it responses to paragraphs 1 through 6 of the Amended Complaint as if fully set forth herein.

8.    Wayne admits the allegations of paragraph 8 of the Amended Complaint.

9.    Wayne denies the allegations of paragraph 9 of the Amended Complaint.

10.    Wayne denies the allegations of paragraph 10 of the Amended Complaint.

11.    Wayne denies the allegations of paragraph 11 of the Amended Complaint.

12.    Wayne admits that Plaintiff's work needed to be performed in a timely manner, but otherwise denies the allegations of paragraph 12 of the Amended Complaint.

13.    Wayne denies the allegations of paragraph 13 of the Amended Complaint.

14.    Wayne denies the allegations of paragraph 14 of the Amended Complaint.

15.    Wayne avers that it requires its employees to be on time for the start of their shift, but otherwise denies the allegations of paragraph 15 of the Amended Complaint.

16.    Wayne denies the allegations of paragraph 16 of the Amended Complaint.

17.    Wayne denies the allegations of paragraph 17 of the Amended Complaint.

18.    Wayne denies the allegations of paragraph 18 of the Amended Complaint.

19.    Wayne incorporated by references it responses to paragraphs 1 through 18 of the Amended Complaint as if fully set forth herein.

20.    Wayne admits that Plaintiff had surgery in March 2006 which resulted in her being off work for more than 3 days.    Wayne is without sufficient information or knowledge to admit or deny the remaining allegations of the Amended Complaint and thus denies the same.

21.    Wayne admits that Plaintiff applied for and was granted leave under the FMLA.

22.    Wayne denies the allegations of paragraph 22 of the Amended Complaint.

23.    Wayne avers that Plaintiff's employment was terminated because she was unable to return to work after her FMLA leave expired, Wayne denies the remaining allegations of paragraph 23 of the Amended Complaint.

24.    Wayne denies the allegations of paragraph 24 of the Amended Complaint.

25.    Wayne denies the allegations of paragraph 25 of the Amended Complaint.

26.    Wayne denies the allegations of paragraph 26 of the Amended Complaint.

27.    Wayne incorporated by references it responses to paragraphs 1 through 26 of the Amended Complaint as if fully set forth herein.

28.     Wayne denies the allegations of paragraph 28 of the Amended

Complaint.

29.     Wayne denies the allegations of paragraph 29 of the Amended

Complaint.

30.     Wayne denies the allegations of paragraph 30 of the Amended

Complaint.

31.     Wayne denies the allegations of paragraph 31 of the Amended

Complaint.

32.     In response to Plaintiff's prayer for relief and paragraphs (A) through

(D), Wayne denies that Plaintiff has been injured in any way as a result of its

actions and further denies that Plaintiff is entitled to any relief whatsoever. Wayne

further denies that the FMLA and/or FLSA permits all of the relief Plaintiff seeks.

33.     Wayne denies each and every allegation of the Amended Complaint

not specifically admitted.

WHEREFORE, premises considered, Wayne requests judgment in it favor

and award of its expenses and costs in defense of this action.

Respectfully submitted,


s/James P. Alexander
James P. Alexander (ALE002)


s/Stacey T. Bradford
Stacey T. Bradford (THU004)
Attorneys for Defendant
Wayne Industries, a division of
EBSCO Industries, Inc.

LITTLER MENDELSON
A Professional Corporation
Suite 2730
420 20th Street North
Birmingham, AL  35203
Telephone: 205.421.4700
Facsimile: 205.421.4699
jalexander@littler.com
sbradford@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David R. Arendall
Allen D. Arnold
Arendall & Associates
2018 Morris Avenue
Birmingham, AL  35203

and I here by certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/Stacey T. Bradford
Of Counsel